ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Caddell Construction Co., Inc. | ) | ASBCA No. 57831 |
| | ) | |
| Under Contract No. FA3002-07-D-0006 | ) | |

APPEARANCE FOR THE APPELLANT:     Timothy W. Burrow, Esq.
    Burrow & Cravens, P.C.
    Nashville, TN

APPEARANCES FOR THE GOVERNMENT:     Elliot J. Clark, Jr., Esq.
    Deputy General Counsel
    James F. Hayes, Esq.
    Assistant General Counsel
    Defense Commissary Agency
    Fort Lee, VA

## OPINION BY ADMINISTRATIVE JUDGE PAGE ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The Defense Commissary Agency (the government) awarded a task order under Contract No. FA3002-07-D-0006 to Caddell Construction Co., Inc., (Caddell, appellant or the contractor) for construction of a new commissary building and related site work at Fort Campbell, Kentucky. This appeal arises from an adverse final decision by the contracting officer (CO) of a certified claim by Caddell. The claim, which arose from second tier subcontractor Trinity Contracting of Bowling Green, LLC, seeks "$201,611.40 due to a discrepancy with the Davis Bacon Wage Rates" (R4, tab 11). We deny the government's motion for summary judgment.

## DISCUSSION

*Chronology of the Government's Motions and Appellant's Opposition*

The government's motion for summary judgment follows two prior motions; a brief chronology is useful. In *Caddell Construction Co., Inc.*, ASBCA No. 57831, 12-2 BCA ¶ 35,059, the Board denied the government's first motion to dismiss, which argued that the ASBCA is without jurisdiction as the contract's "Disputes Concerning Labor Standards clause" requires that disputes over wage rates be resolved by the Department of Labor. We held that appellant's "claim for reimbursement for government 'confusion' in soliciting the task order is substantially a claim for reimbursement for a mistake in bid allegedly induced by the government" appropriately made under the contract's Disputes clause. *Id.* at 172,213.

The government filed a second motion to dismiss dated 3 January 2014 in which it incorporated the Statement of Facts from the Board's prior decision (2nd gov't mot. to dismiss). The government criticized Caddell's submission of a report by Mr. Roy F. Murray to buttress its stance that "[c]onfusion was caused in the bidding process" by wage rate information included by the CO in the RFP. It contended, *inter alia*, that appellant "misses the legal criteria for distinguishing between a procurement protest and a contract claim." (2nd gov't mot. to dismiss, br. at 6, 8-9)

Appellant on 3 March 2014 filed its "Motion to Consider the Government's Motion to Dismiss as Moot," in which Caddell withdrew Mr. Murray's proffered report which in substantial part formed the basis for the government's first motion to dismiss. In a conference call of 14 March 2014, the Board discussed these motions and a schedule for further proceedings with the parties. The government was ordered to advise whether it intended to withdraw its second motion to dismiss or allow it to stand, and the parties agreed to consider whether FAR 14.407-4, MISTAKES AFTER AWARD, is relevant to the instant appeal. There was further discussion pertaining to the government's reliance in its second motion to dismiss on matters outside the pleadings; under such circumstances, the Board treats the motion as one for summary judgment. *See, e.g., Dongbuk R&U Engineering Co.,* ASBCA No. 58300, 13 BCA ¶ 35,389 at 173,637; FED. R. CIV. P. 12(d).

The government on 7 April 2014 withdrew its second motion to dismiss and filed a motion for summary judgment. The three-page motion, which does not identify undisputed material facts, contends that Caddell cannot prove its claim under FAR 14.407-4.

Appellant's opposition to the summary judgment motion notes that the government's failure to set forth a "Statement of Undisputed Material Facts" as called for by the ASBCA's 1 October 2009 "Guidance for Summary Judgment Motions" makes it difficult for appellant to respond to the motion. Appellant argues that its complaint does not assert either a mistake in bid or a violation of FAR 14.407-4. Caddell disagrees that it used the wrong wage rates, asserting that it "based its bid on paying at least as much as the rates it believed was required based on the information given by the Government." (App. opp'n at 1-2)

<u>DECISION</u>

Summary judgment is appropriate where the movant establishes that there are no disputed material facts, and the movant is entitled to judgment as a matter of law. *Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1390 (Fed. Cir. 1987); FED. R. CIV. P. 56(c); *see also* the ASBCA's "Guidance for Summary Judgment Motions." A material fact is one that may make a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The government, as movant:

> [B]ears the initial burden of showing that there are no genuine
> issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S.

317, 323-24 (1986). Only if the movant makes this showing will the burden shift to the nonmovant to show that there is a genuine factual issue for trial. *Id.* If the movant fails to submit sufficient evidence to meet its initial burden of establishing the absence of any genuine material fact, then summary judgment must be denied even if the nonmovant fails to oppose the proffered evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

*The Public Warehousing Co.*, ASBCA No. 57510, 13 BCA ¶ 35,314 at 173,363.

As these decisions, FED. R. CIV. P. 56, and the ASBCA's guidance on motions for summary judgment make clear, the burden is on the movant to establish from the existing record first that there are no disputed material facts. To elucidate the material facts, the movant must clearly articulate its theory of the case; state the parties' relative burdens of proof; and marshal sufficient undisputed facts to support its position or show that its opponent cannot meet its burden of proof. Motions for summary judgment are filed at the election of the movant, and it is not the responsibility of the Board to meet these requirements. The government has failed to meet its initial burden of establishing undisputed material facts. The government's motion for summary judgment is denied.

Dated: 19 June 2014

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 57831, Appeal of Caddell Construction Co., Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4